40   27
61L 664

THE COMMISSIONERS OF THE SINKING FUND OF NEW JERSEY

*v.*

THE INHABITANTS OF THE TOWNSHIP OF LINDEN, IN THE COUNTY OF UNION.

In 1873 the township of Linden opened and graded an avenue, and caused an assessment for its share of the costs thereof to be laid on the land in controversy. In 1874 the owners of that land gave a mortgage thereon to complainants. In 1879, defendants being advised that the assessment was invalid, caused a re-assessment of the premises to be made, under a statute passed in 1878, which provided for re-assessments, and that from and after the filing of the map and report of the commissioners, the assessments should be and remain a lien on the property assessed, notwithstanding any devise, descent or alienation thereof, or any judgment, mortgage or encumbrance thereon. The complainants became the owners of the premises in 1880, under foreclosure of their mortgage, to which suit defendants were not made parties. On a bill to compel defendants to redeem—*Held*, that the statute of 1878 is constitutional, and that the lien of the re-assessment related back to the time of the original assessment, and was, consequently, prior to that of complainant's mortgage.

Bill to compel defendants to redeem. On final hearing on bill and answer.

*Mr. J. H. Stewart*, for complainants.

*Mr. J. R. English*, for defendants.

THE CHANCELLOR.

This suit is brought to compel the defendants, the inhabitants of the township of Linden, in the county of Union, who claim a lien for a municipal assessment upon land in that township, to redeem a mortgage given to the complainants, the commissioners of the sinking fund of New Jersey, upon the property, July 14th, 1874, by Job S. Crane and Belinda Hearn, trustees. Under foreclosure proceedings upon the mortgage, which were begun April 26th, 1880, the property was sold November 3d,

1880, to the complainants, who now hold it. The question is as to the priority of the lien of the assessment over the mortgage. The cause comes on for hearing upon bill and answer. The facts are that the defendants, at some time in 1873, caused an avenue, called Third avenue, in Linden township, to be graded, and the costs to be assessed under the provisions of the act approved April 5th, 1871, entitled "a supplement to an act entitled 'a supplement to an act to establish a new township in the county of Union, called the township of Linden,' approved March 17th, 1870." *P. L. of 1871 p. 1267.* Subsequently, being advised that the assessment was invalid, they caused a new one to be made under the act approved March 12th, 1878, entitled "an act to provide for the assessment and payment of the costs and expenses incurred in constructing sewers, and making other improvements in townships and villages." *P. L. of 1878 p. 70.* The commissioners to make the new assessment were appointed July 14th, 1879, and they filed their map and report September 23d, 1879. The report was confirmed on the 2d of October following. The improvement, for the cost of which the assessments were laid, had been completed, and the first assessment was made before the complainants took their mortgage. The second assessment was made before the foreclosure proceedings were begun. The defendants were not made parties to that suit. The complainants insist that inasmuch as the first assessment was abandoned, and the act of 1878, under which the second one was made, provides that from and after the filing of the commissioners' map and report, the assessments shall be and remain a lien upon the property, the lien of the assessment did not attach until September 23d, 1879, the date of the filing, and therefore must be held to be subordinate to that of the mortgage. But the whole of the provision just referred to, is that from and after the filing of the map and report, the assessments shall be and remain a lien upon each lot of property assessed, for the amount thereof, with interest thereon, and all costs and fees thereon, until they shall be paid and satisfied, notwithstanding any devise, descent or alienation thereof, or any judgment, mortgage or encumbrance thereon, and notwithstanding any mistake

in, or omission of the name or names of the owner or owners of the property. The act also provides that the property may be sold for a term of years to pay the assessment, and that the purchaser, his executors, administrators and assigns, shall, by virtue of the declaration of sale, lawfully hold and enjoy the property for his and their own proper use against the owner or owners thereof, and all persons claiming under them, until the term be completed and ended. It also provides for redemption by the owner, mortgagee, occupant or any person having a legal or equitable interest in the property, within two years from the date of the declaration of sale, and that mortgagees whose mortgages shall have been duly recorded before the sale shall not be divested of the right to redeem after the expiration of the period of two years, until six months after receiving notice in writing of the sale from the purchaser, or any person claiming under him. That the legislature has power to enact such laws as that of 1878, was established in *Doyle* v. *Newark, 5 Vr. 236.* That case established, also, the principle that where the legislature authorizes a re-assessment for the cost of a municipal improvement in the place of one that has been set aside, the new proceedings are to be regarded, so far as the rights of persons interested in the land are concerned, as an original assessment, precisely as if there had been no previous one, and hence that purchasers or mortgagees, after the former assessment was set aside, and before the second one was made, are entitled to no immunity on that ground. Applying the principles of that case to this, the assessment of 1879 must be held to have all the force and effect of an original assessment, and it must be held, also, that the lien of the assessment is superior to that of the mortgage. The bill will be dismissed.